### HASLUCK & AL. vs. MORGAN.

APPEAL from the court of the first district.

PORTER, J. delivered the opinion of the court. The late firm of Stockton, Allen & Co. of this c.ty, commission merchants, commenced an action in the first district court of the state, to recover from the present plaintiffs a balance

Sequestered property. when there is a judgment of nonsuit, is to be replaced by the sheriff, in the hands of the person from whom it was taken.

East'n District.
*Dec.* 1823.

HASLUCK
*vs.*
MORGAN.

alleged to be due by them, for advances made as their agents in the purchase of western produce. Twenty five hogsheads of tobacco belonging to the plaintiffs, which were at that time in the possession of Stockton, Allen & Co. were sequestered at the prayer of the latter. The case never came to a final decision on its merits ; it went off on a question raised as to the regularity of the proceedings ; and judgment of non-suit was given against the plaintiff. The defendant in the suit now before us, who was the sheriff to whom the writ of sequestration was entrusted, on the case being terminated in the manner just related, left the property in the hands of those in whose possession he found it on executing the writ, viz. in the hands of the plaintiffs, Stockton, Allen & Co. and they, it appears, afterwards sold or disposed of it.

The present action grows out of these proceedings. The plaintiffs allege, that the defendant was bound to keep the property carefully in his own custody, and on the suit being ended, to hand it over to them ; that he has failed to do so ; and that he is responsible in the damages which they have sustained by this illegal conduct.

East'n District.
*Dec.* 1823.

HASLUCK
*vs.*
MORGAN.

The defendant denies the facts on which the recovery is sought, and admitting them to be true, avers that he is not responsible. There was judgment for him in the court below; and the plaintiffs have appealed.

The questions of law involved in the present controversy, have been very elaborately examined by the counsel, but the view we have taken of the case renders it unnecessary for us to follow them over the ground they have thought proper to travel. The duties of the sheriff, in regard to the manner he was to execute this writ, are best explained and defined by the words of the writ itself. By it, he was directed " to sequester, and take into his custody, the property therein mentioned; and to hold it subject to the further order of the court." As no subsequent order of the court was made in regard to it, we are left to consider what was the legal effect of a judgment of non-suit. In our opinion it was the same as a voluntary discontinuance;—that it left the parties in the same situation they were before the action was commenced; and replaced every thing in the same condition the proceedings found them in. Had the tobacco been sequestered in the hands of agents of the petitioners

other than the plaintiffs in the former suit, we do not doubt but it would have been the duty of the sheriff to have delivered it to those agents. We cannot perceive how the circumstance of the plaintiffs happening to be the factors in whose hands the property was seized, changes, in any respect, this duty. Their agency was not destroyed by bringing an action to be repaid their advances. Nothing shews their power or authority was revoked ; or, if it was, that the sheriff was informed of the fact when he handed them over the property. If any accident had occurred to the article seized, subsequent to the termination of the suit, and before the plaintiffs had revoked their power to Stockton, Allen & Co. the latter would have been responsible for the damage ; for certainly they could not discharge themselves from their duties as factors, by bringing an action in which they were nonsuited. If such was their responsibility, and we do not see how it can be doubted, then they had a right to the possession, and the sheriff was not in fault in giving it.

It is therefore ordered, adjudged, and decreed, that the judgment of the district court be affirmed, with costs.

*Henen* for the plaintiffs, *Morell* for the defendant.